## OSPEKE v SABO

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 28, 1932

Friedman & Rummell, Youngstown, for plaintiff in error.

Elmer T. Phillips, Youngstown, for defendant in error.

FARR, J.

Now, it is claimed upon the part of the plaintiff in error that Louis Sabo would not be entitled to recover in this case because it is said that the family relation existed in contemplation of the principle announced in the case of **Hinkle et, Executors v Sage, 67 Oh St, 256,** where it was held that there could be no recovery save upon an express contract between relatives, or facts and circumstances equal to an express contract, but upon the former hearing of this case in this court, and the opinion was by Judge Roberts, it is believed that the finding was that the family relation did not exist between Louis Sabo and Mrs. Biero in the sense of requiring proof of an express contract or circumstances to that effect, and indeed that would seem to be still an es-

tablished principle in the case. If the family relation existed, why then was Minehart, the receiver, paying to Louis Sabo some amounts of money? At least in one or two instances the receiver paid money to Louis Sabo, and on the other hand, Mrs. Biero herself seemed to have recognized the right of Louis Sabo to compensation for the services which he was rendering, because she made certain payments to him. They are not claimed to have been donations or anything of that sort, but evidently Mrs. Biero believed that such services were being rendered as should be recognized by the payment of some compensation, and the fact that she assumed to fix the value of the price would not be binding on Louis Sabo.

There is proof in the record by witnesses of apparently credible standing, Mr. Weller for one, that the services rendered were of the value of perhaps $125.00 per month, he assuming to be familiar with the value of such services, and indeed if that be true, and taken in connection with the testimony of the nurse at the hospital, and others connected with the activities of the hospital, Louis Sabo would perhaps have been entitled to a judgment for a greater amount than that which the jury awarded to him.

Something was said about the judgment being excessive. In the light of the testimony that issue admits of no discussion, for the reason that there is credible proof, as before stated, that if these services were compensable at all they were worth even a greater amount than the sum allowed by the jury.

In the light of the case of **Hinkle et, Executors v Sage**, 67 Oh St, 256, and in the light of another case, **Thompson v Jones**, 23 C. D., 182, 33 C.C., 182, the principle announced in Hinkle v Sage is followed. From all the testimony in this case, from the situation of Louis Sabo, who seems to have been at the "beck and call" of this old lady who was sick and perhaps a trifle irritable, from the character of the services he performed, by reason of her recognition that some compensation would be due, and by reason of the fact that Minehart, the receiver, made some payments to Sabo, it is believed that "family relation" did not exist in the sense of the principle announced in Hinkle et, executors v Sage, but the relation of master and servant, and these services so rendered under the circumstances of this particular case were clearly aside from the principle announced in Hinkle et, Executors v Sage as to render that case inapplicable here.

It is further urged that there are some errors apparent in the charge of the trial court, but after having examined these complaints, the conclusion is reached that there is no reversible or prejudicial error in that behalf. There is an outstanding reason why the judgment in this case should be affirmed, and it is this: two juries of Mahoning County have passed upon the facts in this case, perhaps upon the question of the family relation, the character of the services being had in mind, and two juries have rendered verdicts in favor of the claimant. In order to set aside the judgment in the instant case the reason should be good and wholly satisfactory, because this is the result of a second trial, not but what reversible error could intervene, but because it is not apparent upon the face of the record. Therefore, finding no reversible error in this case, the judgment is affirmed.

ROBERTS and POLLOCK, JJ, concur in the judgment.